## Martin v. Bates, et al.

### (Decided May 30, 1913.)

### Appeal from Letcher Circuit Court.

Appeal—Dismissal of—Failure to Place Old Record With New Record.—Where there is nothing before the court by which it may be determined whether the judgment appealed from is a compliance with the mandate following a reversal on a former appeal, and rule 7 of the court not having been complied with, the appeal will be dismissed. (For former opinion, see 124 S. W., 873).

R. O. BRASHEARS for appellant.

R. MONROE FIELDS and DISHMAN, TINSLEY & DISHMAN for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Dismissing the Appeal.

This case has heretofore been in this court under the style of Martin v. Bently, et al., and the opinion will be found in 124 S. W. Rep., 873.

The court reversed the judgment and directed the entering of a judgment quieting Martin's title "to the land in controversy."

Upon the return of the case the court entered a judgment quieting Martin's title to a certain described tract of land which the appellant claims does not embrace the land "in controversy," or at least all of it. But this

record does not contain any of the pleadings or exhibits showing what land was "in controversy" on the former appeal, embracing only the orders and judgment entered since the return of the case to the circuit court. The record on the former appeal is not a part of, and has not been placed with the record on this appeal.

Printed rule seven of this court is as follows:

"When the record of a former appeal in the same cause is necessary to the decision of a subsequent appeal, or when a record already in this court is made part of a record in another case, and not copied into the transcript, the attorney for the appellant must see to it, on pain of having the appeal dismissed, that such old record is placed with the new record before the cause is submitted."

There being nothing before us by which we may determine whether the judgment last entered in the circuit court is a compliance with the mandate of this court, and the above rule not having been complied with, we have no alternative except to dismiss the appeal, and it is so ordered.